SUMMONS ISSUED

CV 13- *Complain* 3312

UNITED STATES DISTRIT COURT
EASTERN DISTRIC COURT OF NEW YORK
------------------------------------------------------}(

RENY RIVERO

    Plaintiff,
    v.

VITALIANO, J.

RECEIVED
JUN 10 2013
PRO SE OFFICE

Chase Receivables.

    Defendant(s),
------------------------------------------------------}(

## DEMAND FOR JURY TRIAL

1.  This is an action for actual and statutory damages brought by Plaintiff RENY RIVERO, an individual

    consumer, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

    "FDCPA").  In addition, NYC DCA LOCAL LAW 15.  Every one of this laws prohibits debt collectors

    from engaging in abusive, deceptive, and unfair practices.

## II **PRELIMINARY STATEMENT**

2.  Plaintiff contends that the Collection Company Defendant has violated such laws by
repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## III JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §§ 1331, and supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue lies in this district

pursuant to 28 U.S.C. §1391(b).

4. This is an action for damages which do not exceed $75,000.00.

## IV PARTIES

5. Plaintiff, RENY RIVERO, is a natural person, consumer, and an "alleged" debtor residing in

131 Silver lake Road # 406, Staten Island, NY 10301.

6. Plaintiff is a consumer as defined by _the FDCPA, 15 U.S.C. § 1692a(3), by NYC LOCAL LAW 15 § 20-

489(c).

7.  Upon information and belief Defendant, Chase Receivables., is a Firm Debt Collection Agency.  The

Defendant appears to be an authorized  New York  as a "ASSUNED NAME" of  the "Credit Bureau of

Napa County, Inc." to do business in New York State.  The Defendant does not appear to  be a NYC

DCA authorized Licensed.  Principal place of  business is located 1247 Broadway., Sonoma, CA 95476.

8.  The principal purpose of Defendant is the   collection of debts (as defined on 15 U.S.C. § 1692a(5))  in

this state and defendant regularly attempts to collect debts alleged to be due   another like from

Plaintiff, as defined by 15 U.S.C. § 1692a(6).

**9. The "defendant" is as per LOCAL LAW 15** § 20-489 (a)." "Debt collection agency" shall
mean a person engaged in business the principal purpose of which is to regularly collect
or attempt to collect debts owed or due or asserted to be owed or due to another."

10. The term "debt" **as per LOCAL LAW 15** § 20-489(d). "Means any obligation or
alleged obligation of a consumer to pay money arising out of a transaction in which the
money, property, insurance, or services which are the subject of the transaction are
primarily for personal, family, or household purposes, whether or not such obligation
has been reduced to judgment, or any obligation or alleged obligation arising out of a
judgment or valid agreement for the payment of child support."

## V. FACTUAL ALLEGATIONS

11. Defendant does not appear as an authorized or licensed business by The New York department of

state and The New York Department of Consumer Affairs. See Exhibit A and B.

12.  Plaintiff has no prior or present established relationship with the Defendant Chase

Receivables.

13.  Plaintiff has never given any Defendant express permission to call Plaintiff's cellular phone.

14.  Plaintiff has no contractual obligation to pay Defendant Chase Receivables.

15.  Sometimes in July 2011, the Plaintiff received a bill for $10.50 for copies from Richmond

University Medical Center (RUMC) of hospital treatment made by HealthPort.

16.  Plaintiff called HeathPort asking it why he is being billed $10.50.

17. Plaintiff stated that he will pay when he receives all the copies in perfect and clear presentation.

18. On about the third week of June 2012, the Plaintiff received a NOTICE OF VALIDATION from Chase Receivables dated 06-11-2012. See EXHIBIT C.

19. The Notice of Validation did not legally explain how the defendant is trying to collect an alleged personal debt of $12.23 rather of the $10.50 as HealthPort alleged balance is.

20. The difference of $1.73 has not been shown nor explain nor demanded on any statement sent to the Plaintiff by HealthPort.

21. The defendant did not include the name of the person to call back on the notice of validation.

22. The defendant, Chase Receivables, on NOTICE OF VALIDATION DATED 06-11-2012, asserted a right which it lacks, to wit, the right to enforce a debt.

23. On June 29th, the Plaintiff prepared a letter of validation and mailed on 07-03-12.

24. See Exhibit D for Letter of Validation, Notice of Validation, USPS payment receipt, USPS CERTIFICATE OF MAIL receipt, and USPS.com tracking history.

25. The defendant, Chase Receivables answered to the Letter of Validation.

26. His answer included 2 statement pages, a copy of my letter of validation, a copy of the notice of validation, and the forms used to get copies of hospital treatment records, at RMUC. See EXHIBIT E:

27. The defendant still does not explain how legally he is trying to collect alleged balance $12.23 even though HealthPort on all his statements that alleged balance is $10.50.

28. The defendant did not include the name of the person to call back on the  incomplete Validation of the alleged debt.

29. The defendant has not validate the debt.

30. During the 2nd week of September, The Plaintiff received a complete and in good condition copies of the RUMC hospital treatment record.

31. On 09-10-2012, The Plaintiff went to HealthPort web site, introduced his personal information, invoice # 0109311797 , his name and got the invoice balance of $10.50 which he paid. See Exhibit F.

32. On 09-09-2012. The Plaintiff received email confirmation from HeathPort that payment for $10.50 has been received and balance remains outstanding. See Exhibit G.

33. On 06-10-2012, a representative from NYC DCA confirmed that Chase Receivables was not licensed as a Debt Collection Agency to collection activities in NYC by phone.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT CHASE RECEIVABLES

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 33.

35. Defendants Chase Receivables violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

36. 15 U.S.C. §1692e(10) states in part;

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Chase Receivables for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT II
## OTHER VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CHASE RECEIVABLES

37. Plaintiff alleges and incorporates the information in paragraphs 1 through 36.

38. § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

38. § 1692 g(a)(1) Must state Amount of Debt.

39. § 1692 g(B) Collector must cease collection efforts until debt is validated.

**WHEREFORE,** Plaintiff demands judgment for damages against Chase Receivables for actual,

statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), Collector cannot falsely represent character, amount or legal status of debt 15 U.S.C. § 1692e(2)(A).

40. Plaintiff alleges and incorporates the information in paragraphs 1 through 39.

**WHEREFORE,** Plaintiff demands judgment for damages against Chase Receivables for actual,

statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IV
## VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices (f) Validation of debts. BY DEFENDANT CHASE RECEIVABLES

41. Plaintiff alleges and incorporates the information in paragraphs 1 through 40.

42. (f) *Validation of debts.* (1)
Within five days of any further attempt by the creditor itself to collect the debt, it shall send the customer a written notice containing:

43. (i) the amount of the debt;

44. (iii) a statement that, if the consumer notifies the debt collector in writing within the thirty-day period at the address designated by the debt collector in the notice, that the debt, or any portion thereof is disputed, the debt collector shall either:

45. (A) make appropriate corrections in the account and transmit to the consumer notification of such corrections and an explanation of any change and, if the consumer so requests, copies of documentary evidence of the consumer's indebtedness; or

46.(B) send a written explanation or clarification to the consumer, after having conducted
an investigation, setting forth to the extent applicable the reason why the creditor believes that the account of the consumer was correctly shown in the written notice required by §5-77(f)(1) and, upon the consumer's request, provide copies of documentary evidence of the consumer's indebtedness. In the case of a billing error where the consumer alleges that the creditor's billing statement reflects goods not delivered in accordance with the agreement made at the time of the transaction, a creditor may not construe such amount to be correctly shown unless it determines that such goods were actually delivered, mailed, or otherwise sent to the consumer and provides the consumer with a statement of such determination.

47. (2) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector who is not a creditor and not employed by a creditor shall, unless the following information is contained in an initial written communication, or the consumer has paid the debt, send the consumer a written notice containing:

48.(i) the amount of the debt;

49.(3) If, pursuant to §§5-77(f)(1) or 5-77(f)(2) of this Regulation the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall not attempt to collect the amount in dispute until the debt collector obtains and mails to the consumer verification of the debt or a copy of the judgment or the name and address of the original creditor.
The debt collector shall maintain for one year from the date the notice was mailed, records containing documentation of the date such notice was mailed, the date the response, if any, was received and any action taken following such response.

50. § 20-494 Penalties. a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation.

51. b. In addition to any other penalties, if a person is found to have committed repeated, multiple or persistent violations of any provision of this subchapter, such person may be responsible for the cost of the department's investigation.

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## COUNT V
### VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices (g) *Liability.* BY DEFENDANT CHASE RECEIVABLES

**52.** Plaintiff alleges and incorporates the information in paragraphs 1 through 51.

53. (g) *Liability.* The employer of a debt collector is liable for the debt collector's violation of §5-77. A debt collector who is employed by another to collect or attempt to collect debts shall not be held liable for violation of §5-77.

54. § 20-494 Penalties. a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation.
b. In addition to any other penalties, if a person is found to have committed repeated, multiple or persistent violations of any provision of this subchapter, such person may be responsible for the cost of the department's investigation.

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## COUNT VI
### VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices (b) *Communication in connection with debt collection.* A debt collector, in connection with the collection of a debt, shall not:. BY DEFENDANT CHASE RECEIVABLES

**55.** Plaintiff alleges and incorporates the information in paragraphs 1 through 54.

55. (1) After institution of debt collection procedures, without the prior written consent of the consumer given directly to the debt collector after the institution of debt collection procedures, or without permission of a court of competent jurisdiction, communicate with the consumer in connection with the collection of any debt;

56. (4) After institution of debt collection procedures, communicate with a consumer with respect to a debt if the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer

with respect to that debt, except that any communication which is required by law or chosen from among alternatives of which one is required by law is not hereby prohibited.

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## COUNT VII
**VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices (c)** *Harassment or abuse.* A debt collector, in connection with the collection of a debt, shall not engage in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with a debt. Such conduct includes::. **BY DEFENDANT CHASE RECEIVABLES**

57. Plaintiff alleges and incorporates the information in paragraphs 1 through 56.

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367..

## COUNT VIII
**VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices ((e)** *Unfair practices.* A debt collector may not use any unfair or unconscionable means to collect or attempt to collect a debt. Such conduct includes: **BY DEFENDANT CHASE RECEIVABLES**

58. Plaintiff alleges and incorporates the information in paragraphs 1 through 57.

59. (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## COUNT VIII
**VIOLATIONS OF LOCAL LAW 15 §20-489(a) of the administrative code of the city of New York is amended to required NYC DCA LICENSE to the debt collection agency.**

60. Plaintiff alleges and incorporates the information in paragraphs 1 through 59.

61. THE defendant **CHASE RECEIVABLES does not have a license #.**

**WHEREFORE,** Plaintiff demands judgment for damages against **CHASE RECEIVABLES** for actual, statutory, and punitive damages, attorney's fees and costs, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**I, Reny Rivero, declare under the penalty of perjury under the laws of the State of New York, that the foregoing is true and correct to the best of my personal knowledge and recollection.**

**DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.**

**Respectfully summit this June 10th of 2013.**

RENY RIVERO
131 Silver Lake Road # 406
Staten Island, NY 10301
646-545-7135, 718-877-1333, 718-815-5712
email clark0z1@yahoo.com

# EXHIBIT A: NY DEPARTMENT OF STATE

Case 1:13-cv-03312-ENV-LB   Document 1   Filed 06/10/13   Page 11 of 36 PageID #: 11

# NYS Department of State

## Division of Corporations

### Informational Message

The information contained in this database is current through June 7, 2013.

---

No business entities were found for chase receivables.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

Ok

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us

# EXHIBIT B: NYC DCA

Case 1:13-cv-03312-ENV-LB   Document 1   Filed 06/10/13   Page 13 of 36 PageID #: 13

Search | Email Updates | Contact Us

**Department of
Consumer Affairs**

## RESULTS:

Industry: DEBT COLLECTION AGENCYBusiness/Individual Name: chase receivablesZIP Code: ""License Number: ""

New Search

Sorry, no records matched your search entry(ies). Please refer to **Search Tips** for assistance.

*Reminder:*
- Instant License Check is updated daily.
- Some legally operating sidewalk cafés and newsstands may *not* appear in Instant License Check during the license review process which includes public hearings and other City approvals.
- Sightseeing guides and temporary amusement devices are *not* included in Instant License Check currently. You can download lists of licensed sightseeing guides and temporary amusement devices in PDF.

Call 311 (212-NEW-YORK outside NYC) during business hours and ask to be transferred to DCA to learn more about a business's license status.

# EXHIBIT C: NOTICE OF VALIDATION

P.O. Box 157
Hawthorne, NY 10532

**PERSONAL & CONFIDENTIAL**

Address Service Requested

#BWNFTZF #CHRE83851206087#

RENY RIVERO  06061250-0091592926
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

**CHASE RECEIVABLES**
1247 Broadway
Sonoma, CA 95476
A Professional Collection Agency
(866) 855-3970

June 11, 2012

**RE: HEALTHPORT**
0091592926

**Chase# 06061250**
**TOTAL BALANCE: $12.23**

Our client, HEALTHPORT, has asked Chase Receivables to contact you to find out if there is a problem regarding your bill. At this time, HEALTHPORT has no record of receiving payment from you.

Often an unpaid bill is nothing more that a misunderstanding or sometimes the result of the bill having been lost or forgotten. Though we are a collection agency and our business is to collect unpaid bills, we are also in the business of helping work out problems that occasionally arise between companies and their customers. We would very much like to help you resolve this issue.

HEALTHPORT, has informed us that you have an outstanding balance in the amount of $12.23. This bill represents fees incurred for retrieving medical records that you requested. To make a payment, please use one of the convenient payment options listed at the bottom of this correspondence. If you believe that there is a problem with your account you may contact us at the number listed below.

You can go through our Automated System to submit a Credit Card payment by calling (866) 483-6183. If you would like to submit a dispute, you can go to WWW.CHASEREC.COM.

We appreciate your prompt reponse to this letter.

Sincerely,
Chase Receivables
(866) 855-3970

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

---

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone_____   Work Phone _____

**PAY ON LINE www.chaserec.com/paymethod.php**
TO ACCESS YOUR ACCOUNT ONLINE USE THE FOLLOWING PIN# 44926

Payment Methods Available:  Credit Card, Electronic Payments over the phone, Post-Dated Electronic Payments, Money Orders, Certified Checks, Western Union-(City Code=Chase Receivables, Score CA.)

HEALTHPORT

**Chase# 06061250-EA**
CHASE RECEIVABLES
P.O. Box 157
Hawthorne, NY 10532

RENY RIVERO
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

AMOUNT: $12.23

CHR009#-0808-263880919 1263

EXHIBIT D.

FOR LETTER OF VALIDATION,

NOTICE OF VALIDATION,

USPS PAYMENT RECEIPT,

USPS CERTIFICATE OF MAIL RECEIPT,
AND USPS.COM TRACKING HISTORY

Reny Rivero
131 Silver Lake Road # 406
Staten Island, NY 10301

Date: June 29, 2012

Chase Receivables
1247 Broadway
Sonoma, CA 95476

Re: Acct Ref. Creditor Healthport # 06061250 and All or any alleged DEBTS.

To Whom It May Concern:

This letter is being sent to you in response to a alleged debt. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b). In addition to New York City Local law 15, § 2-190(a) and (b), § 20-493.2 (a), § 20-493.2 (a)(1) and (2) that your claim is disputed and validation is requested.

This is NOT a request for verification or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Titles and Sections. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you

What I need you to provide as the debt validation is as follows:
1. What the money you say I owe is for;
2. Explain and show me how you calculated what you say I owe;
3. Provide me with copies of any papers that show I agreed to pay what you say I owe;
4. Provide a verification or copy of any judgment if applicable;
5. Identify the original creditor;
6. Prove the Statute of Limitations has not expired on this account
7. Show me that you are licensed to collect in my state
8. Provide me with your license numbers and Registered Agent
9. Proof that the collection company owns the debt/or has been assigned the debt. (You are legally entitled to collect this particular debt from me.) This is basic contract law.
10. Complete payment history, starting with the original creditor. (I need to have proof of my payment history with original Creditor, what the amount of the debt was when the creditor assigned the debt to your company, and what fees/interest has been tacked on to this debt and how you/they determined these fees.) This requirement was established by the case Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004..
11. Copy of the original signed loan agreement or credit card application. (My contract with the original creditor establishing the debt between us.) This is also basic contract law.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent

I will not hesitate in bringing legal action against you for the following:

1. Violation of the Fair Credit Reporting Act
2. Violation of the Fair Debt Collection Practices Act
3. Defamation of Character

If your offices are able to provide the proper documentation as requested in the following declaration, I will require at least 30 days investigating this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.
If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be limited to what the law allows you,  Any needed and legal communication  must be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action.

Best Regards,

/ Reny Rivero

P.O. Box 157
Hawthorne, NY 10532

▮▮▮▮▮▮▮▮▮▮
PERSONAL & CONFIDENTIAL

**CHASE RECEIVABLES**
1247 Broadway
Sonoma, CA 95476
A Professional Collection Agency
(866) 855-3970

Address Service Requested

#BWNFTZF #CHRE63851206087#

lıullllıundllllıundlldılllındlıdulllınudlındıl

RENY RIVERO  06061250-0091592926
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

June 11, 2012

**RE: HEALTHPORT**
0091592926

**Chase# 06061250**
**TOTAL BALANCE: $12.23**

Our client, HEALTHPORT, has asked Chase Receivables to contact you to find out if there is a problem regarding your bill. At this time, HEALTHPORT has no record of receiving payment from you.

Often an unpaid bill is nothing more that a misunderstanding or sometimes the result of the bill having been lost or forgotten. Though we are a collection agency and our business is to collect unpaid bills, we are also in the business of helping work out problems that occasionally arise between companies and their customers. We would very much like to help you resolve this issue.

HEALTHPORT, has informed us that you have an outstanding balance in the amount of $12.23. This bill represents fees incurred for retrieving medical records that you requested. To make a payment, please use one of the convenient payment options listed at the bottom of this correspondence. If you believe that there is a problem with your account you may contact us at the number listed below.

**You can go through our Automated System to submit a Credit Card payment by calling (866) 453-6163.**
**If you would like to submit a dispute, you can go to WWW.CHASEREC.COM.**

We appreciate your prompt reponse to this letter.

Sincerely,
Chase Receivables
(866) 855-3970

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

---

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone_____  Work Phone _____

**PAY ON LINE www.chaserec.com/paymethod.php**
TO ACCESS YOUR ACCOUNT ONLINE USE THE FOLLOWING PIN# 44926

Payment Methods Available:  Credit Card, Electronic Payments over the phone, Post-Dated Electronic Payments, Money Orders, Certified Checks, Western Union-(City Code=Chase Receivables, Score CA.)

HEALTHPORT

Chase# 06061250-EA
CHASE RECEIVABLES
P.O. Box 157
Hawthorne, NY 10532

RENY RIVERO
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

AMOUNT: $12.23

CHR009-0808-263880919 1283

**WEST NEW BRIGHTON STATION**
Staten Island, New York
103109997
3568880518-0099
07/03/2012 (800)275-8777 02:48:53 PM

=== Sales Receipt ===

| Product Description | Sale Unit Qty Price | Final Price |
|---|---|---|
| COMMACK NY 11725 | | $0.65 |
| Zone-1 First-Class Letter | | |
| 1.00 oz. | | |
| Expected Delivery: Fri 07/06/12 | | |
| Return Rcpt (Green Card) | | $2.35 |
| Certified | | $2.95 |
| Label #: | 70093410000189824590 | |
| Issue PVI: | | $5.95 |
| SONOMA CA 95476 | | $0.45 |
| Zone-8 First-Class Letter | | |
| 1.00 oz. | | |
| Expected Delivery: Sat 07/07/12 | | |
| Return Rcpt (Green Card) | | $2.35 |
| Certified | | $2.95 |
| Label #: | 70093410000189824545 | |
| Issue PVI: | | $5.75 |
| Total: | | $11.70 |

Paid by:
Cash                    $20.00
Change Due              -$8.30

Order stamps at usps.com/shop or
call 1-800-Stamp24. Go to
usps.com/clicknship to print
shipping labels with postage. For
other information call

***********************************

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $0.45 | 0518 |
| Certified Fee | $2.95 | 03   Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $5.75 | 07/03/2012 |

Sent To  CHASE  Receivables
Street, Apt. No.;  1247  Broadway
or PO Box No.
City, State, ZIP+4  Sonoma, CA  95476

English      Customer Service      USPS Mobile                                    Register / Sign In

USPS.COM®                                        Search USPS.com or Track Packages

Quick Tools              Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

GET EMAIL UPDATES  ▉▉▉▉▉▉▉

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70093410000189824545 | First-Class Mail® | Delivered | July 06, 2012, 8:29 am | SONOMA, CA 95476 | Expected Delivery By: July 6, 2012 Certified Mail™ Return Receipt |
| | | Notice Left | July 06, 2012, 7:40 am | SONOMA, CA 95476 | |
| | | Arrival at Unit | July 06, 2012, 7:36 am | SONOMA, CA 95476 | |
| | | Processed at USPS Origin Sort Facility | July 05, 2012, 10:49 pm | PETALUMA, CA 94954 | |
| | | Dispatched to Sort Facility | July 03, 2012, 5:02 pm | STATEN ISLAND, NY 10310 | |
| | | Acceptance | July 03, 2012, 2:48 pm | STATEN ISLAND, NY 10310 | |

## Check on Another Item

What's your label (or receipt) number?



**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.

EXHIBIT E
VALIDATION ANSWER LETTER
FROM CHASE RECEIVABLES ,
ITEMIZATION 2 PAGES COPY,
MY VALIDATION LETTER,
THEIR NOTICE OF
VALIDATION, STATEMENT
FROM HEALTH PORT WITH
$12.23, MY APPLICATION FOR
HOSPITAL
TREATMENT RECORDS.

```
                              * CHASE RECEIVABLES *
                                 1247 BROADWAY

                               SONOMA CA, 95476
ACCOUNT ITEMIZATION            PHONE: 800-540-7336        JUL  6, 2012  10:50

-------------------------------------------------------------------------------------
```

```
          RENY RIVERO
          131 SILVER LAKE ROAD
          APT 406
          STATEN ISLAND, NY 10301
```

```
----------------------------------------<FOLD HERE>-----------------------------------------
```

```
          THE FOLLOWING IS AN ITEMIZATION OF YOUR ACCOUNTS AS OF JUL  6, 2012  .
          PLEASE RETAIN THIS COPY FOR YOUR RECORDS.  FOR YOUR CONVENIENCE WE HAVE
          INCLUDED ALL INTEREST PAID LAST YEAR AND THIS CURRENT YEAR TO DATE.
```

```
          N O T I C E    THE FEDERAL LAW REQUIRES WE INFORM YOU THAT THIS IS AN ATTEMPT
          BY A DEBT COLLECTOR TO COLLECT A DEBT.
          ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
```

ITEMIZATION CONTINUED

SINGLE ACCOUNT: RIVERO , RENY                          JUL  6, 2012
                                                       DESK: 69
------------------------------------------------------------------------------------
        ACCOUNT #:  6061250  CLIENT DEBTOR #:    0091592926
                                                       DESK: 69

OUR CLIENT NAME:     HEALTHPORT
FOR:                                    INTEREST AT: 0% FROM DATE OF REFERRAL
DATE OF REFERRAL:06/07/12    DATE OF SERVICE: 06/08/11   DATE OF LAST PMT:

AMOUNT REFERRED:          $     12.23
PRINCIPAL BALANCE:        $     12.23              DETAIL OF OTHER CHARGES
ACCUMULATED INTEREST:     $      0.00              -----------------------
OTHER CHARGES:            $      0.00       FEES                 $     0.00
COURT COSTS:              $      0.00
ATTORNEY FEES:            $      0.00       PROCESS FEES         $     0.00
OTHER:                    $      0.00
INTEREST:                 $      0.00

ACC'T BAL:                $     12.23

PAYMENT TRANSACTION HISTORY

| TYPE | DATE | PAYMENT AMOUNT | PAID ON PRINCIPAL | PAID ON INTEREST | PAID ON OTHER CHGS | PAID ON COURT COST | PAID ON ATTY FEES | PAID ON OTHER |
|------|------|----------------|-------------------|------------------|--------------------|--------------------|-------------------|---------------|
| | | | | *NO PAYMENTS THIS ACCOUNT* | | | | |
| GRAND TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

TOTAL DUE ON ALL ACCOUNTS                      12.23
TOTAL INTEREST PAID FOR 2011                    0.00
TOTAL INTEREST PAID TO DATE FOR 2012            0.00

Reny Rivero
131 Silver Lake Road # 406
Staten Island, NY 10301

Date: June 29, 2012

Chase Receivables
1247 Broadway
Sonoma, CA 95476

Re: Acct Ref. Creditor Healthport # 06061250 and All or any alleged DEBTS.

To Whom It May Concern:

This letter is being sent to you in response to a alleged debt. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b). In addition to New York City Local law 15, § 2-190(a) and (b), § 20-493.2 (a), § 20-493.2 (a)(1) and (2) that your claim is disputed and validation is requested.

This is NOT a request for verification or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Titles and Sections. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you

What I need you to provide as the debt validation is as follows:
1. What the money you say I owe is for;
2. Explain and show me how you calculated what you say I owe;
3. Provide me with copies of any papers that show I agreed to pay what you say I owe;
4. Provide a verification or copy of any judgment if applicable;
5. Identify the original creditor;
6. Prove the Statute of Limitations has not expired on this account
7. Show me that you are licensed to collect in my state
8. Provide me with your license numbers and Registered Agent
9. Proof that the collection company owns the debt/or has been assigned the debt. (You are legally entitled to collect this particular debt from me.) This is basic contract law.
10. Complete payment history, starting with the original creditor. (I need to have proof of my payment history with original Creditor, what the amount of the debt was when the creditor assigned the debt to your company, and what fees/interest has been tacked on to this debt and how you/they determined these fees.) This requirement was established by the case Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004..
11. Copy of the original signed loan agreement or credit card application. (My contract with the original creditor establishing the debt between us.) This is also basic contract law.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent

I will not hesitate in bringing legal action against you for the following:

1. Violation of the Fair Credit Reporting Act
2. Violation of the Fair Debt Collection Practices Act
3. Defamation of Character

If your offices are able to provide the proper documentation as requested in the following declaration, I will require at least 30 days investigating this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.
If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be limited to what the law allows you, Any needed and legal communication must be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action.


Best Regards,

/ Reny Rivero

P.O. Box 157
Hawthorne, NY 10532

**PERSONAL & CONFIDENTIAL**

Address Service Requested

#BWNFTZF #CHRE63851206087#

RENY RIVERO  06061250-0091592926
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

**CHASE RECEIVABLES**
1247 Broadway
Sonoma, CA 95476
A Professional Collection Agency
(866) 855-3970

June 11, 2012

**RE: HEALTHPORT**
0091592926

**Chase# 06061250**
**TOTAL BALANCE: $12.23**

Our client, HEALTHPORT, has asked Chase Receivables to contact you to find out if there is a problem regarding your bill. At this time, HEALTHPORT has no record of receiving payment from you.

Often an unpaid bill is nothing more that a misunderstanding or sometimes the result of the bill having been lost or forgotten. Though we are a collection agency and our business is to collect unpaid bills, we are also in the business of helping work out problems that occasionally arise between companies and their customers. We would very much like to help you resolve this issue.

HEALTHPORT, has informed us that you have an outstanding balance in the amount of $12.23. This bill represents fees incurred for retrieving medical records that you requested. To make a payment, please use one of the convenient payment options listed at the bottom of this correspondence. If you believe that there is a problem with your account you may contact us at the number listed below.

**You can go through our Automated System to submit a Credit Card payment by calling (866) 483-6163.**
**If you would like to submit a dispute, you can go to WWW.CHASEREC.COM.**

We appreciate your prompt reponse to this letter.

Sincerely,
Chase Receivables
(866) 855-3970

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

---

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone_____ Work Phone _____

**PAY ON LINE www.chaserec.com/paymethod.php**

TO ACCESS YOUR ACCOUNT ONLINE USE THE FOLLOWING PIN# 44926

Payment Methods Available: Credit Card, Electronic Payments over the phone, Post-Dated Electronic Payments, Money Orders, Certified Checks, Western Union-(City Code=Chase Receivables, Score CA.)

HEALTHPORT

Chase# 06061250-EA
CHASE RECEIVABLES
P.O. Box 157
Hawthorne, NY 10532

RENY RIVERO
131 SILVER LAKE ROAD
APT 406
STATEN ISLAND, NY 10301-2741

AMOUNT: $12.23

CHR009st-0806-263860919 1263



**HealthPort**
P.O. Box 409900
Atlanta, GA 30384-9900
Fed Tax ID 58 - 2659941
1-877-595-9900

**INVOICE**

Invoice #: 0091592926
Date:        6/8/2011

| Ship to: | Bill to: | Records from: |
|---|---|---|
| Reny Rivero<br>Reny Rivero<br>131 Silver Lake Road Apt 406<br>Staten Island, NY 10301 | Reny Rivero<br>Reny Rivero<br>131 Silver Lake Road Apt 406<br>Staten Island, NY 10301 | RICHMOND UNIVERSITY MED CENTER<br>355 BARD AVENUE<br>STATEN ISLAND, NY 10310 |

**Requested By:** RENY RIVERO
**Patient Name:** RIVERO RENY

DOB:   02142007
SSN:   *** ** ****
         875762

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Please refer to the insert included with this invoice for more information about HealthPort or the charges incurred. | | | |
| **PLEASE REMIT PAYMENT** | | | |
| Basic Fee | | | 0.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 14 | 0.75 | 10.50 |
| Shipping/Handling | | | 1.73 |
| Subtotal | | | 12.23 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 12.23 |
| Balance Due | | | 12.23 |
| Pay your invoice online at www.HealthPortPay.com | | | |

Terms: Net 30 days        **Please remit this amount : $ 12.23 (USD)**

---

**HealthPort**
P.O. Box 409900
Atlanta, GA 30384-9900
Fed Tax ID 58 - 2659941
1-877-595-9900

| Invoice #:  0091592926 |
|---|
| Check # _____ |
| Payment Amount $_____ |

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to http://www.HealthPortPay.com or call (770) 754 6000.
Email questions to Collections@healthport.com.

# Mailing and Billing Information Form

## (Request Letter Attached)

Patient's Names:<u>Reny Rivero</u>

DOB:<u>12/05/59</u>  REF#:_____.

SS#:_____  Claim/Case#:_____

## Mail to:

Name:<u>Reny Rivero</u>

Address:<u>131 Silver Lake Road Apt 406</u>

City:<u>Staten Island</u>  State:<u>NY</u> Zip:<u>10301</u>

Attention:_____

## Bill to:(if different than mail to)

Name:_____

Address:_____

City:_____  State:_____  Zip:_____

Attention:_____

# Richmond University Medical Center

**AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION**

*718 818 2048*

Name of Patient: *RENY RIVERO*   Date of Birth: *12-05-59*

Address of Patient: *131 Silver Lake RD # 406*   SS #: *063 66 1676*

Zip Code *10301*

Patient Telephone (Daytime) *718 877 1333*   (Evening) *718 30*

I hereby authorize _____ , _____
                                                                    SITE

To release the information checked off below to: _____

_____

Telephone No.: _____   Fax No.: _____

The following medical information covering the period(s) of hospitalization or treatment from:
*04-27-11* TO *05-03-11* .
(Date)            (Date)

☐ In-Patient Hospitalization   ☐ Outpatient Treatment   ☐ Residential Services
☒ Ambulatory Surgery   ☒ Emergency Room Treatment *5/17*
                                                                              *4/27 -*

**Information to be disclosed (copied)** ☐   **Information to be accessed (inspected/reviewed)** ☐

☐ Complete Health Record(s)
☒ Discharge Summary   ☐ Progress Notes   ☐ History and Physical Examination
☐ Laboratory Tests   ☐ Consultation Reports   ☐ Radiology Reports/Films
☐ Psychiatric Assessments/Evaluation   ☐ Psychosocial History
☐ Photographs, Videotapes
☐ Full Summary   ☐ Explanation   ☐ Inspection
☐ Other: (Please Specify) _____

**I understand that this will include information relating to:**
☐ AIDS (Acquired Immunodeficiency Syndrome) or
HIV (Human Immunodeficiency Virus) Infection or tests for HIV Information (Use HIV DOH
Authorization Form #2557)
☐ Psychiatric Care
☐ Treatment for Alcohol and/or Drug Abuse
☐ Not Applicable

**Purpose for disclosure:** _____

Method of delivery (check one):   Pick Up _____   By Mail _____

RU0029 (2/07)

*5012 2561*

By signing below, I am requesting that RUMC provide me with access to health information in the manner described above. This information may be redisclosed if the recipient(s) described on this form is not required by law to protect the privacy of the information, and such information is no longer protected by federal health information privacy regulations. I understand that I will be contacted if any fees for copies, a summary or explanation may be charged for fulfilling this request, and that I will have an opportunity to modify or withdraw my request if I do not want to pay those fees.

I understand that this authorization may be revoked in writing at any time, except to the extent that action has been taken in reliance on this authorization. Unless otherwise revoked, this authorization will expire automatically six months from date on which it is signed (or 60 days with respect to Drug or Alcohol Abuse records). You have a right to refuse to sign this authorization. Your health care, the payment for your health care and your health care benefits will not be affected if you do not sign this form.

_____   _____   5-19-11
Signature of Patient, if Minor, Signature of Parent or Legal Guardian        Relationship                        Date

_____                                     _____
Signature of Witness                                                          Date

**NOTICE TO RECIPIENT:** This information has been disclosed to you from records whose confidentiality is protected by State & Federal Law. State & Federal regulations prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is not sufficient for this purpose.

## GENERAL INFORMATION

1. If your request is relevant to continued care by another physician or hospital, we will be glad to copy the information and forward it (fax) directly to another physician or hospital of your choice.

2. This request must be notarized if it is not completed on the hospital premises.

---

**For RUMC Use Only:**

Date Received: (MO/DY/YR) _____ / _____ / _____

Disposition of Request: _____ GRANTED _____ DENIED _____ PARTIALLY DENIED

Patient Notified In Writing Of Response To Request On This Date: (MO/DY/YR) _____ / _____ / _____

Fee Charged For Fulfilling This Request (if applicable): $ _____

Comments: _____
_____
_____

**Name of Health Information Management/Medical Records Staff / Staff Member Processing This Request:**

_____   _____
PRINT NAME                                                    INITIALS

EXHIBIT F:   porthealth □10.□0 bill and payment

HealthPort

Case 1:13-cv-03312-ENV-LB   Document 1   Filed 06/10/13   Page 33 of 36 PageID #: 33

## HealthPort·

**Find Invoices**          **Review Invoices**          **Pay Your Invoices**

Need help with this page?

Your request has been posted and is being processed.
You will receive a confirmation email from us within the next 24 hours.

**Your HealthPort transaction ID for this payment is CC1544138.**
Please reference this number if contacting Customer Service.

**The credit card confirmation number for this transaction is 347313575655017605646.**

Thank you for using HealthPort Pay.

| Invoice # | Patient Name | Invoice Balance | Payment Amount |
|---|---|---|---|
| 0109311797 | RIVERO RENY | $10.50 | $10.50 |
| | **Total** | | **$10.50** |

Print

**Return to HealthPort Pay home page**

Case 1:13-cv-03312-ENV-LB   Document 1   Filed 06/10/13   Page 34 of 36 PageID #: 34

© 2008. All Rights Reserved. HealthPort. Version 6.0.1  - Privacy Policy

Exhibit G confirmation invoice payment by email from Healthport

**Subject:** Electronic Receipt CC1544138

**From:** HealthPort Electronic Payment Service (donotreply@healthport.com)

**To:** "clark0z1@yahoo.com" @alpermgvm10.smartcorp.net;

**Date:** Monday, September 10, 2012 7:47 PM

------------------------------------------------

Payment Approved

------------------------------------------------

Thank you for your payment.

Please allow 24 hrs for the payment to post to your account.

Transaction ID: CC1544138

Payment Method: Visa

Last 4 Digits: 6828

Date: 10-SEP-2012 05:46:17

Amount: $10.50

Approval Number: 064616

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Payment Details:   Invoice   Amount

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

0109311797  $10.50

Please note that a charge will appear on your Credit Card from
HealthPort MEDICAL RECORDS.

Please print this page for your records and refer to the invoice
number if you need customer service assistance (770-360-1700).

------------------------------------------------

######################################################################
This e-mail message has been scanned for Viruses and Content and cleared
by MailMarshal
######################################################################