UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x   CV-13-3312   (ENV)(LB)

RENY RIVERO,

        Plaintiff                             <u>ANSWER</u>

   -against-

CHASE RECEIVABLES,

        Defendant

---------------------------------------------------------x

   Defendant, CHASE RECEIVABLES, by its attorney ROBERT L. ARLEO, ESQ., answering the Plaintiff's Complaint which was filed with the Clerk of the Court on June 10, 2013 ("hereinafter Plaintiff's Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of the Plaintiff's Complaint. Admit that the Complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA) and New York City Department of Consumer Affairs (NYC DCA) Local Law 15 but otherwise deny that the Defendant committed any violation(s) of the FDCPA and NYC DCA Local Law 15.

2. In regard to the allegations set forth in paragraph 3 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

3. Admit the allegations set forth in paragraphs 5, 12, 13, 14, 21, 22, 23, 25 and 28 of the Plaintiff's Complaint.

4. Deny the allegations set forth in paragraphs 2, 27, 29, 38, 35 and 61 of the Plaintiff's Complaint.

5. In regard to the allegation sets forth in paragraph 19, 20 and 27 of the Plaintiffs Complaint refer to the documents referenced by the Plaintiff. Nothwithstanding, the dispute regarding the amount of $1.73 is so de minimis and to render the allegations in the Complaint without merit and in contradiction of Congressional intent regarding the protections afforded by the FDCPA.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations set in paragraph 12 of the Plaintiff's Complaint.

7. The allegations set forth in paragraph No. 6, 8 and 9 of the Plaintiff's Complaint are legal conclusions to which no response from the Defendant is required. To the extent a response is required, the Defendant admits that in some circumstances, it may be considered a "debt collector" under 15 U.S.C. § 1692a(6).

8. Deny the allegations set forth in paragraph 7 of the Plaintiff's Complaint. The Defendant is operating under its "doing business as" name. The Credit Bureau of Napa County, Inc. d/b/a Chase Receivables is duly licensed by the NYC DCA and has been assigned license number 1016382-DCA said license having been in effect at all times in regard to the allegations set forth in the Plaintiff's Complaint.

9. The allegations set forth in paragraphs 10, 36, 38, 39, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56 and 59 of the Plaintiff's Complaint are alleged recitations of statutory law to which no response from Defendant is required. Otherwise, refer to each of the statutory citations set forth in said paragraphs to determine the accuracy of the assertions set forth in said paragraphs.

10. In regard to the allegations set forth in paragraph 11 of the Plaintiff's Complaint deny said allegations notwithstanding Exhibit A and Exhibit B attached to the Plaintiff's Complaint.

11. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 15, 16, 17, 22, 30, 31, 32 and 33 of the Plaintiff's Complaint.

12. In regard to the allegations set forth in paragraph 18 of the Plaintiff's Complaint admit that the Defendant forwarded the letter dated June 11, 2012 which is attached to the Plaintiff's Complaint. Otherwise, deny that said letter may be characterized as a 'NOTICE OF VALIDATION" although said letter sets forth the 30 day debt validation/dispute rights as required by 15 U.S.C. § 1692(g).

13. In regard to the allegations set forth in paragraphs 23, 24, 25 and 26 refer to those Exhibits referenced by the Plaintiff in said paragraphs.

14. In regard to the allegations set forth in paragraphs 34, 37, 40, 41, 52, 55, 57, 58 and 60 of the Plaintiff's Complaint refer to the contents of the paragraphs set forth heretofore herein and incorporate same by reference herein.

15. In regard to each "WHEREFORE" clause set forth in the Plaintiff's Complaint deny that the Plaintiff is entitled to the relief set forth in each said "WHEREFORE" clause.

16. In regard to the content of "COUNT VII" of the Plaintiff's Complaint deny that the Defendant engaged in any unconscionable and/or deceptive trade practices nor did the Defendant harass, oppress or abuse the Plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The Plaintiff failed to mitigate his alleged actual damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. The herein action was brought in bad faith and for the purpose of harassment which, pursuant to 15 U.S.C. § 1692k(a)(3), entitles the Defendant to recovery its attorneys fees and costs incurred in having been compelled to defend this action. The FDCPA is designed to protect the "least sophisticated" consumer. However, the Plaintiff in the herein action is a sophisticated consumer and is well versed in the FDCPA as he has filed no less than sixteen (16) FDCPA lawsuits from a period encompassing September 30, 2011 through August 26, 2013. It is further likely that the Plaintiff has settled additional claims of violation of the FDCPA by compelling other debt collectors to pay monies to him under the threat of the commencement of formal legal action. Reference is made to the matter of *Majerowitz v. Stephen Einstein & Associates, P.C.*, 2013 U.S. Dist. LEXIS

115664 (E.D.N.Y. Aug. 15, 2013) wherein Judge I. Leo Glasser of this federal District Court dismissed an FDPCA claim after finding that the FDCPA claim alleged therein was frivolous and otherwise referring to extremely sophisticated consumers who take advantage of the FDPCA for purposes not intended by Congress. The Plaintiff herein is such a person. Although the Plaintiff has the right to commence actions under the FDCPA if he has legitimate claims against debt collectors this particular action concerns an alleged dispute the amount of $1.73. The Plaintiff has attempted to create an FDCPA claim based upon this de minimis amount of money. Furthermore, the Plaintiff has acted in bad faith and for the purpose of harassment in making grossly unreasonable, and illegal, settlement demands in conjunction with attempts by the Defendant to effect a settlement of this action so as to save the attorneys fees and costs which the Plaintiff has compelled the Defendant to incur as a result of this action. Thus, the Court should dismiss this action with prejudice and should otherwise compel this Plaintiff to pay the costs and attorneys incurred by the Defendant so as to deter this Plaintiff, and any other person intended to abuse the FDCPA, from any further abuse of the FDCPA.

DATED: November 15, 2013

/ s /  *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
 (RA 7506)
Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York  10168
(212) 551-1115

TO:  RENY RIVERO
     131 Silver Lake Road #406
     Staten Island, New York   10301